## Henry P. Lansing v. Zephaniah Sherman.

*Trover : Replevin : Parties : Res inter alios : Execution sales.* In an action of trover, brought by one claiming through a prior purchase from the execution debtor, against a purchaser at execution sale, an objection to the admission of the record of a replevin suit between the same plaintiff and the constable who levied the execution, that the action of replevin does not determine the title but only the right of possession at the commencement of the suit, is held to be broad enough to permit the objecting party to urge on error that the replevin judgment was *res inter alios ;* and where such replevin judgment was not rendered till after the execution sale, though the suit was commenced before, and was pending when the sale took place, it is not admissible as evidence against the plaintiff in such trover suit.

*Heard May 13. Decided July 21.*

Error to Clinton Circuit.

30 MICH.—7.

*R. Strickland,* for plaintiff in error.

*Walbridge & Selden,* for defendant in error.

CHRISTIANCY, J.·

This was an action of trover brought by Lansing against Sherman, in the Clinton circuit, for the conversion of certain cattle, and was tried before the court without a jury, and judgment of no cause of action rendered against the plaintiff. The plaintiff gave evidence tending to show that his son, Peter Lansing, purchased the cattle of Warren L. Peet in March, 1871; that plaintiff purchased them of said Peter Lansing in forepart of June, 1871; that the cattle were worth ninety dollars; that at the time of the purchase (from said Peter,) in June, 1871, the cattle were running at large in certain woods belonging to a Mr. De Long, Mr. Bancroft and Mr. Lansing, inclosed as one field; that the cattle had been in those woods all the season; that at the time of purchase, plaintiff and said Peter were in said woods where the cattle were; that Peter delivered the cattle to plaintiff, telling him to take them; that they were not driven away, but remained in the woods till middle of July; that the defendant at that time (July 13th) bid off the cattle at a sale made by Wood, a constable, under an execution in favor of Marvin Babcock against Warren L. Peet and Charlotte Peet, and drove them away. Proper demand for cattle, and refusal, was admitted by defendant.

Plaintiff having rested, counsel for defendant, to maintain the issue on his part, gave evidence tending to show that about the 5th July, 1871, the constable Wood, by virtue of the execution mentioned, seized the cattle as the property of Warren L. Peet; that the cattle were at the time in the said woods, about one-fourth mile from Peet's residence; that constable duly advertised, sold and delivered the cattle to defendant on the 13th July; that there had never

been a valid sale of the cattle by said Peet to Peter Lansing; that at the time of the seizure said plaintiff receipted the cattle as the property of Warren L. Peet.

And to further maintain the issue on his part, defendant offered as evidence the record and files in an action in the same circuit court, in which said plaintiff was plaintiff and said Wood (constable) was defendant, being an action of replevin brought for the same property, which record and files were offered in bar of plaintiff's right to recover the value of the property. The judgment in this action appeared to have been rendered November 4th, 1871. This was objected to by the plaintiff on the ground: *First,* that defendant had not given any notice of such defense; *second,* that the action of replevin does not determine the title to the property, but only the right of possession at the commencement of the suit. The judge admitted the evidence; exception by plaintiff.

Defendant rested.

Plaintiff offered to prove that the judgment in the replevin cause was rendered for the defendant (that he did not unlawfully detain said property), and also offered to prove that the circuit court in rendering said judgment stated that he did so on the ground that the said action was prematurely brought; that the said Henry P. Lansing had actual possession of the property at the time he commenced said action. The judge refused to admit this evidence, to which refusal the plaintiff excepted.

The record of the replevin suit offered in evidence shows that the case was appealed from a justice of the peace, whose return shows that judgment had been rendered by him for the plaintiff August 1st, 1871, for the value of the property, the plaintiff having proved that the property had been taken from possession of plaintiff, on the execution and sale, and driven away after the writ of replevin was served; that the case on appeal had been tried in the circuit court before the judge without a jury; and it is fairly inferable from the record that the trial was upon evidence

introduced by the respective parties, rather than upon any matter of law presented by the return of the justice to a special affidavit in appeal.

The only errors assigned are: *first,* that the court erred in overruling the plaintiff's objection to the admission of the record referred to, and allowing it to be introduced in evidence; *second,* in excluding the evidence offered by the plaintiff, showing that the judgment in the replevin suit was not rendered upon the merits, but because the suit was brought while the property was in the actual possession of the plaintiff.

As to the first objection, it will be noticed that it was not made upon the ground that the judgment was *res inter alios,* or that there was no privity between the plaintiff and defendant in respect to it, but simply on the ground that "the action of replevin does not determine the title to the property in controversy, but only settles the question as to whether the plaintiff was entitled to possession of it at the commencement of the suit," thus by implication, as it was probably understood by the court, and as I confess I should have understood it, waiving any objection on the simple ground that it was *res inter alios ;* and so understanding the objection, the judge might, very naturally, and, upon this hypothesis, correctly, have concluded that, though the judgment in replevin would not of itself, without further evidence, decide any thing more than the right of possession, yet it would be admissible, and might be rendered conclusive by evidence showing that the right of property had in fact been tried in the suit and determined by the judgment. And while I am inclined to think the form of objection was thus calculated to mislead the court, and ought not to entitle the plaintiff in error now to rely upon the broad objection that the judgment was *res inter alios,* the majority of the court are of a different opinion, and think the last named ground of objection fairly included in the objection as made; and they are also of opinion that, inasmuch as the judgment, the record of which was intro-

duced, was rendered some time after the purchase made by Sherman at the execution sale, though such sale was made after the action of replevin was commenced by Lansing against the constable, and while the replevin suit was pending, the objection was well taken, and that the judgment was not admissible against the plaintiff. And it certainly was not unless it would also have been evidence for the plaintiff, had the judgment been in his favor; but if it was, or could have been, by the aid of other evidence, rendered admissible in his favor, then, being against him, it was or might have been rendered admissible against him here.

But while I am strongly inclined to think that a man purchasing property upon an execution, when he knows that a suit in replevin has been commenced by another, and is pending against the officer for the same property,—and it would have been, I think, competent to show this notice,—ought on every sound principle to be bound by the result of that litigation upon the title, as he would be the real party in interest and might defend; yet, as the law now stands upon the authorities (*Starkey on Ev.*, by *Sharswood*, pp. 326 to 332; 2 *Cow. H. & Ed.*, *Note to Phillips' Ev.*, 13 to 17; and 1 id., 526 to 531), this conclusion is not so entirely clear as to induce me to dissent from the opinion of my brethren upon the question of the admissibility of the record upon that ground. The result is, that, in the opinion of the court, there was error in the admission of the record, and for this error the judgment must be reversed, with costs.

The other Justices concurred.